

**Entered on Docket
April 08, 2010**

_____
**Hon. Mike K. Nakagawa
United States Bankruptcy Judge**
_____

# THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re: | ) Case No. 10-12101-MKN |
|  | ) |
|  | ) Chapter 11 |
| Lynn A. Moody, | ) |
|  | ) Hearing Date:  March 17, 2010 |
| Debtor. | ) Hearing Time:  9:30 a.m. |
|  | ) |

**ORDER GRANTING MOTION TO VALUE COLLATERAL, "STRIP OFF"
AND "CRAM DOWN" THE RIGHTS OF UNSECURED CREDITORS FOR THE
PROPERTY ADDRESS LOCATED AT 11222 PRADO DEL REY LANE,
LAS VEGAS, NEVADA 89141 PURSUANT TO 11 U.S.C. § 506(a) AND § 1123**

Upon the motion (the "**Motion**")[1] of Lynn A. Moody, the debtor and debtor-in-possession in the above captioned case (the "**Debtor**"), requesting entry of an order to Value Collateral, "Strip Off" and "Cram Down" the Rights of Unsecured Creditors for the Property Address Located at 11222 Prado Del Rey Lane, Las Vegas, Nevada 89141 (the "**Property**") pursuant to 11 U.S.C. § 506(a) and § 1123; and due notice of the Motion and the hearing of the Motion having been given to all parties entitled thereto; and a hearing having been held before this Court on March 17, 2010 to consider approval of the Motion, at which time all parties in interest were afforded an opportunity to be heard; it is hereby:

---

[1] Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Motion.

**ORDERED** that the Motion is **GRANTED**; and it is further

**ORDERED** that the secured portions of the Lenders' claims are reduced to the appraised value of the Property, pursuant to 11 U.S.C. § 506(a); and it is further

**ORDERED** that the unsecured portions of the Lenders' claims are reduced and shall be treated as "general unsecured claims", pursuant to 11 U.S.C. § 506(a); and it is further

**ORDERED** that the secured and unsecured claims against the Property are bifurcated in accordance with the appraised value of the Property in the amount of $200,000.00; and the creditors' wholly unsecured claims shall be treated as "general unsecured claims," pursuant to 11 U.S.C. § 506(a), and the total amounts of the claims against the Property are:

    a. First Lien – Chase Home Finance – Loan Number: 1732019354

        i. Secured Claim - $200,000.00

        ii. Unsecured Claim - $12,578.23

    b. Second Lien – Chase Home Finance – Loan Number: 42258974056

        i. Secured Claim - $0.00

        ii. Unsecured Claim - $32,396.34

and it is further

**ORDERED** that Chase Home Finance's secured second lien claim against the Property is "Stripped Off" and shall be treated as a "general unsecured claim" pursuant to 11 U.S.C. § 506(a); and it is further

**ORDERED** that unsecured portions of the Lenders' claims be reclassified as general unsecured claims to be paid pro rata with other general unsecured creditors through the Debtor's ultimate Chapter 11 plan; and it is further

**ORDERED** that Lenders' secured rights and/or lien-holder rights in the Property are hereby modified as set forth above, however, all remaining terms of the mortgage and note shall remain the same, including the term of the loan and interest rate; and it is further

**ORDERED** nothing in this Order shall be construed as prejudicial to any party's right appraise the Property and submit its own valuation issues up to the disclosure statement/plan confirmation process; and it is further

**ORDERED** that this Court retains jurisdiction to hear all matters relating to or arising from the entry of this Order; and it is further

**ORDERED** that as provided by Fed. R. Bankr. P. 7062, this Order shall be effective and enforceable immediately upon entry.

Submitted by:

The Schwartz Law Firm, Inc.

By /s/ Samuel A. Schwartz
Samuel A. Schwartz, Esq.
Nevada Bar No. 10985
Attorneys for Debtor and Debtor-In-Possession

**SUBMISSION TO COUNSEL FOR APPROVAL PURSUANT TO LR 9021**

In accordance with LR 9021, counsel submitting this document certifies as follows (check one):

___ The court has waived the requirement of approval under LR 9021.
___ No parties appeared or filed written objections, and there is no trustee appointed in the case.
_x_ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and any trustee appointed in this case and each has approved or disapproved the order, or failed to respond, as indicated below [list each party and whether the party has approved, disapproved, or failed to respond to the document]:

APPROVED:

DISAPPROVED:

FAILED TO RESPOND:  Michael Chen, Esq.  Huong Lam, Esq.