Samuel A. Schwartz, Esq.
Nevada Bar No. 10985
Bryan A. Lindsey, Esq.
Nevada Bar No. 10662
Schwartz Flansburg, PLLC
6623 Las Vegas Blvd. South, Suite 300
Las Vegas, Nevada 89119
Telephone: (702) 385-5544
Facsimile: (702) 385-2741
Attorneys for the Debtor

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| In re: | Case No.: 10-12101-MKN |
| Lynn A. Moody, | Chapter 11 |
| Debtor. | |

### *EX PARTE* MOTION TO REOPEN CHAPTER 11 CASE

Lynn A. Moody (the "**Reorganized Debtor**"), by and through his undersigned attorneys, Schwartz Flansburg PLLC, petition the Court to reopen his Chapter 11 case pursuant to Section 350 of the United States Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.* (the "**Bankruptcy Code**") to allow the Debtor to file a Motion for Sanctions for Violation of the Discharge Injunction and Request for an Evidentiary Hearing.

### STATEMENT OF FACTS

1. On February 10, 2010, the Reorganized Debtor filed his voluntary petition for relief under Chapter 11 of the Bankruptcy Code. *See* Petition, Docket No. 1.

2. The Reorganized Debtor listed the real property located at 2804 Maryland Hills Dr., Henderson, Nevada 89052 (the "**Property**"). *See* Schedule A, Petition.

3. The Property was secured by the first mortgage (the "**Mortgage**") held by SunTrust Mortgage, Inc. ("**SunTrust**") and was listed as a secured creditor in the Petition. *See* Schedule D,

1

4815-6964-0527, v. 1

Petition. The aforementioned loan on the Property is now being serviced by Fay Serving, LLC ("**Fay**").

4.     On June 28, 2010, the Court entered an order approving the Reorganized Debtor's Amended Disclosure Statement filed on June 18, 2010. *See* Docket No. 69.

5.     On October 29, 2010, this Court entered an Order (the "**Confirmation Order**") confirming the Reorganized Debtor's Second Amended Plan (the "**Plan**"). *See* Docket No. 102. Pursuant to the Plan, the Reorganized Debtor assumed the Mortgage on the Property without any cure payment, without any objections lodged by SunTrust and pursuant to the Confirmation Order, any pre-confirmation arrears on the Mortgage was effectively cured upon the entry of the Confirmation Order.  *See* Plan at Exhibit 2.

6.     On December 17, 2015, this Court entered an Order granting the Reorganized Debtor a discharge ("**Discharge Order**").  *See* Docket No. 165.  A copy of the Discharge Order was served to the creditors in this case, including SunTrust, on December 17, 2015. *See* Docket No. 166.

7.     On January 4, 2016, the Court entered a final decree order (the "**Final Decree Order**") closing the Reorganized Debtor's case.  *See* Docket No. 164.

8.     As set forth in Article V of the Plan, this Court retained jurisdiction over all matters relating to the implementation of the Plan. Accordingly, pursuant to this Motion, the Reorganized Debtor seeks to reopen the instant Chapter 11 case to allow the Reorganized Debtor the ability to file a Motion for Sanctions for Violation of the Discharge Injunction and Request for an Evidentiary Hearing.

**ARGUMENT**

9.     Section 350(b) of the Bankruptcy Code states that a "case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for

other cause." 11 U.S.C. § 350(b). A case may be reopened on motion of the debtor or other party in interest pursuant to § 350(b) of the Bankruptcy Code. *In re Lopez,* 283 B.R. 22, 26 (9th Cir. BAP 2002). Reopening a bankruptcy case is typically a ministerial act and is within the sound discretion of the bankruptcy court. *Id*. at 27. Although a motion to reopen is typically a ministerial act, there must be "some potential relief that is available to a movant in a reopened case; otherwise reopening is pointless." *In re Clark*, 2011 WL 3294040, at *2 (Bankr. D. Idaho 2011), *citing In re Frederick,* 1999 WL 33490226, at *1–2 (Bankr. D. Idaho 1999).

10.     Despite the language of the Plan and Confirmation Order, Fay continues to collect from the Reorganized Debtor amounts that should have been discharged pursuant to the Confirmation Order and Discharge Order. Here, the Reorganized Debtor requests reopening of his Chapter 11 Case to bring the necessary motion to enforce the Confirmation Order and Discharge Order entered by this Court.

## CONCLUSION

Wherefore, the Debtor respectfully requests that the Court enter an order (a) reopening the case to allow the Debtor to file a Motion for Sanctions for Violation of the Discharge Injunction and Request for an Evidentiary Hearing; (b) to enforce the Confirmation Order and Discharge Order and (c) such other relief this Court deems just or proper.

Dated this 14th day of February, 2018.

Respectfully Submitted,

SCHWARTZ FLANSBURG PLLC

By: /s/ Samuel A. Schwartz, Esq.
Samuel A. Schwartz, Esq., NBN 10985
Bryan A. Lindsey, Esq., NBN 10662
6623 Las Vegas Blvd. South, Suite 300
Las Vegas, Nevada  89119
Attorneys for Debtor